IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MATTHEW FRITZ,<br><br>　　　　Defendant. | NO. 14-CR-78-LRR<br><br>**DEFENDANT'S SENTENCING BRIEF** |

COMES NOW, the Defendant, Matthew Fritz, by and through counsel, and hereby submits his Brief in support of the issue of whether he has the ability to pay a fine.

## AUTHORITIES

**Statutes**:

18 U.S.C. §3553(a)

18 U.S.C. §3571

18 U.S.C. §3572

21 U.S.C. §841(b)(1)(D)

**Guideline Provisions**:

U.S.S.G. §5E1.2

U.S.S.G. §5E1.2, Commentary, Application Note 3

　　　　The imposition of a fine is discretionary and not mandatory in the present case. 18 U.S.C. §3571, 21 U.S.C. §841(b)(1)(D). With regard to the possible imposition of a fine, 18 U.S.C. §3572 incorporates the factors set out in 18 U.S.C. §3553(a) and provides a specific list of factors related to the imposition of a fine. They include:

(1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect of the law, to provide just punishment, and to afford adequate deterrents;

(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3) the burden that the fine places on the defendant and his dependents relative to alternate punishments;

(4) any restitution or reparation that the defendant has made or is obliged to make;

(5) any collateral consequences of the conviction including civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a similar offense;

(7) the expected cost to the government of any term of probation, or term of imprisonment, and term of supervised release imposed; and

(8) any other pertinent considerations. U.S.S.G. §5E1.2(d).

The Court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine. U.S.S.G. §5E1.2(a). The Court may, upon a proper showing, impose a lesser fine or waive the fine. U.S.S.G. §5E1.2(e).

The inability of a Defendant to post bail bond (having otherwise been determined eligible for release) and the fact that a Defendant is represented by (or was determined eligible for) assigned counsel are significant indicators of present inability to pay any fine. In conjunction with other factors, they may also indicate that the Defendant is not likely to become able to pay any fine. (U.S.S.G. §5E1.2, Commentary, Application Note 3.)

## FACTS

The presentence report establishes that at the time of his personal financial statement Mr. Fritz had a personal savings account of $3,000 and a personal checking account of $1,000. He held

$55,577 in a retirement plan and had $1,000 in business assets. Mr. Fritz owes $9,000 in student loans and approximately $109,500 on a residence worth only $100,000. He and his wife have a total net worth of $44,481. Mr. Fritz and his spouse support a minor child on a combined net income of $2,880, of which $380 is child support which his spouse receives from his step-son's father.

The Fritz's total monthly cash flow is $92.79. Taking into account the $80 monthly expense for cable service which was excluded by the Probation Department, their total monthly cash flow would have been $12.79.

On May 2, 2013 law enforcement officers seized $35,720 in cash, marijuana and marijuana candy bars from Mr. Fritz's home. Mr. Fritz did not resist forfeiture of the money.

Mr. Fritz has no prior juvenile or adult criminal conviction and his criminal history score is 0. His advisory guideline range is $3,000-$30,000.

The undersigned has been appointed to represent Mr. Fritz pursuant to the Criminal Justice Act.

## ARGUMENT

A fine is not necessary in order to counterbalance any harm or loss to a specified victim or any gain to Mr. Fritz in light of the disgorgement of his profits in the seizure on May 23, 2013. (U.S.S.G. §5E1.2(d)(1).) Mr. Fritz's ability to pay the fine seems to be limited to the amount of money which he and his wife have been able to save, $3,000, and the operating capital in his business, $1,000. His obligations are significant including his student loans and the fact he is "upside down" on his mortgage by approximately 10% of its value. A fine at the low-end of the advisory range would eliminate all personal savings for the family and would unduly burden he and his dependents, as it would eliminate any nest egg upon which they could rely in meeting their obligations. Their total monthly cash flow is less than $100 and it would take a significant amount of time at that rate to replenish their savings. Their low monthly cash flow also indicates he has a limited ability to pay a fine over a period of time as most of his income is consumed in their monthly expenses. (U.S.S.G. §5E1.2(d)(2)(3).)

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully prays the Court find that the Defendant has met his burden of establishing that he lacks the ability to pay a fine and forego the imposition of a fine in this case. In the alternative, Defendant requests that the Court impose a fine significantly lower than the $3,000 minimum fine recommended in the advisory guideline range.

| CERTIFICATE OF SERVICE | _/ s /_    _Jonathan B. Hammond_ |
|---|---|
| I hereby certify that on __12/24/14__, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:<br><br>*Asst. U.S. Attorney*<br><br>By: ___/ s /    J. S. Kanellis___ | Jonathan B. Hammond AT0003109<br>KLINGER, ROBINSON & FORD, L.L.P.<br>401 Old Marion Road NE<br>P. O. Box 10020<br>Cedar Rapids, IA 52410-0020<br>(319) 395-7400<br>(319) 395-9041 (Facsimile)<br>jhammond@krflawfirm.com<br><br>ATTORNEY FOR DEFENDANT |